UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BOND PHARMACY d/b/a                                                                       PLAINTIFF
ADVANCED INFUSION SOLUTIONS

V.                                                          CIVIL ACTION NO. 3:21-CV-123-KHJ-MTP

ADVANCED HEALTH SYSTEMS, INC.
and BLUE CROSS & BLUE SHIELD OF
MISSISSIPPI, A MUTUAL INSURANCE COMPANY                        DEFENDANTS

ORDER

Before the Court is Advanced Health Systems, Inc. ("AHS") and Blue Cross Blue Shield of Mississippi's ("BCBSMS") (collectively, "Defendants") [45] Partial Motion to Dismiss the Employee Retirement Income Security Act of 1974 ("ERISA") claims brought by Plaintiff Bond Pharmacy d/b/a Advanced Infusion Solutions ("AIS") in its [38] Amended Complaint. For the following reasons, the Court grants the motion and dismisses AIS's ERISA claims without prejudice.

I.  Facts and Procedural History

AIS is a Mississippi-based pharmacy that provides home infusion therapy. [38] at 1 ¶ 1. AIS's home infusion therapy allows patients to receive pain medications through surgically implanted pumps that infuse the medications in the intrathecal space surrounding the spinal cord for several months without requiring the patient to see a health care provider. *Id.* AIS alleges that AHS and BCBCMS contracted to provide its home infusion therapy to BCBSMS's members and to pay AIS per diem charges in accordance with National Home Infusion Association's

standards. *Id.* at 2 ¶ 2. AIS asserts that BCBSMS breached this contract to pay per diem charges and contends that "BCBSMS refuses to pay millions of dollars." *Id.* at 2 ¶ 4.

AIS sued AHS and BCBSMS and filed an Amended Complaint [38], asserting breach of contract, breach of implied duty of good faith and fair dealing, unjust enrichment, breach of implied-in-fact contract, and failure to provide benefits under ERISA plans. *Id.* at 22, 24, 25, 27, 28. AIS also seeks declaratory judgment that it is entitled to payment. *Id.* at 30.

Defendants move to dismiss only AIS's ERISA claims under Rule 12(b)(1) because the "Amended Complaint does not allege acts sufficient to support derivative standing." [45] at 1. Defendants also move to dismiss under Rule 12(b)(6) because AIS "failed to plausibly plead a violation of ERISA." *Id.* In support of their 12(b)(6) motion, Defendants assert that AIS did not allege "that it exhausted available administrative remedies under ERISA or that exhaustion would be futile" or "facts sufficient to identify the plans at issue, much less that their terms have been violated." *Id.*

AIS contends that its Amended Complaint properly alleges that it "has standing under appropriate assignments of benefits obtained from the patients enrolled in the ERISA plans." Mem. in Opp. to Mot. to Dismiss [50] at 3. AIS also contends that "BCBS[MS] owes benefits to those patients under the ERISA plans for AIS's medically necessary services." *Id.* AIS also claims that BCBSMS "seeks to hold AIS to a pleading standard that would require AIS to present the underlying

evidence with its Amended Complaint, to prove ERISA standing by attaching [assignments of benefits] obtained from specific patients." *Id.* Regarding Defendants' 12(b)(6) motion to dismiss, AIS asserts that it sufficiently pled that it exhausted its administrative remedies and that it pled plausible claims for ERISA benefits. *Id.* at 7, 13.

The relevant provisions of AIS's Amended Complaint relating to ERISA standing are as follows:

> This is a claim to recover benefits, enforce rights and clarify rights to benefits under 29 U.S.C. § 1132(a)(1)(B). ERISA allows a participant or beneficiary covered by a welfare benefit plan to sue to recover benefits due under the terms of his plan or to enforce rights under the terms of the plan.

[38] at 28 ¶ 133.

> AIS has obtained assignment of health care benefits provided to BCBSMS for Members enrolled in ERISA plans and are therefore entitled to recover benefits due under the terms of BCBSMS's member plans in its capacity as assignees of the BCBSMS members. Providers who are beneficiaries pursuant to assignments have standing to assert the claims of their assignors against health plans.

*Id.* at 29 ¶ 134.

> Pursuant to 29 U.S.C. § 1132(a)(1)(B), AIS as assignees of BCBSMS members are entitled to recover benefits due to them under the terms of the members plans and can enforce and clarify their rights under the terms of such plans.

*Id.* at 29 ¶ 138.

No other facts or assertions about the alleged assignments are included in the Amended Complaint, nor are they attached to the Amended Complaint.

II.  Standard

"As a matter of subject matter jurisdiction, standing under ERISA § 502(a) [29 U.S.C. § 1132] is subject to challenge through Rule 12(b)(1)." *Lee v. Verizon Comm'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016). A party who files a Rule 12(b)(1) motion may challenge the facial or factual subject matter jurisdiction of a federal court. Fed. R. Civ. P. 12(b)(1); *see Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981) (explaining the difference between facial and factual challenges to the court's subject matter jurisdiction). A facial attack requires the court to accept all allegations in the complaint as true to determine whether the court has subject matter jurisdiction, while a factual attack challenges the jurisdictional facts and allows the court to determine matters outside the pleadings. *Id.* In a factual case, "a plaintiff is also required to submit facts through some evidentiary method." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Regardless of the type of challenge, "the party seeking to assert federal jurisdiction has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). When claims can be dismissed on both jurisdictional grounds and for failure to state a claim upon which relief can be granted, "the [C]ourt should dismiss only on the jurisdictional ground under [Rule] 12(b)(1), without reaching

the question of failure to state a claim under [Rule] 12(b)(6)." *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

### III. Analysis

"It is well established that a healthcare provider, though not a statutorily designated ERISA beneficiary, may obtain standing to sue derivatively to enforce an ERISA plan beneficiary's claim." *Harris Methodist Fort Worth v. Sales Support Servs. Inc. Emp. Health Care Plan*, 426 F.3d 330, 333-34 (5th Cir. 2005). "[A] health care provider who has a valid assignment from the plan participant or beneficiary has derivative standing to bring a cause of action to recover benefits from an ERISA-governed [] plan." *Tango Trans. v. Healthcare Fin. Servs., LLC*, 322 F.3d 888, 889 (5th Cir. 2003). "ERISA does not supply the provider with a basis for bringing its claim directly." *Dialysis Newco, Inc. v. Comty. Health Sys. Grp. Health Plan*, 938 F.3d 246, 250 (5th Cir. 2019). "[I]nstead, the provider's standing to [sue] must be derived from the beneficiary and it is subject to any restrictions contained in the plan. If the provider lacks standing to bring the lawsuit due to a valid and enforceable anti-assignment clause, then federal courts lack jurisdiction to hear the case." *Id.*

The Fifth Circuit has held that a challenge to an assignment's validity in an ERISA case constitutes "a factual attack [to subject matter jurisdiction] because it has challenged the underlying facts supporting the complaint . . . rather than merely challenging the allegations on their face." *Cell Science Sys. Corp. v. La. Health Serv.*, 804 F. App'x 260, 263-64 (5th Cir. 2020). Here, BCBSMS also

5

challenges the validity of AIS's assignments. BCBSMS asserts that AIS's Amended Complaint did not allege sufficient facts to support derivative standing for its ERISA claims because it did not quote assignment language or attach the alleged assignments to its Amended Complaint. [45] at 1. BCBSMS also notes that there may be anti-assignment provisions within the ERISA plans at issue. Mem. in Support of Mot. to Dismiss [46] at 7. The Court finds BCBSMS's Rule 12(b)(1) motion is a factual challenge to the Court's subject matter jurisdiction. Therefore, AIS has the burden to prove that subject matter jurisdiction exists by a preponderance of the evidence and must submit facts through an evidentiary method. *See New Orleans & Gulf Coast Ry. Co.*, 533 F.3d at 327; *Paterson*, 644 F.2d at 523.

    For support that it properly pled an assignment of benefits, AIS relies mainly on *Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of Ga., Inc.*, 892 F.3d 719 (5th Cir. 2018). In *Innova Hospital*, the Fifth Circuit held that "plaintiffs alleging claims under 29 U.S.C. § 1132(a)(1)(B) for plan benefits need not necessarily identify the specific language of every plan provision at issue to survive a motion to dismiss under Rule 12(b)(6)." *Id.* at 729. The Fifth Circuit noted that the Second Amended Complaint in that case also "chronicl[ed] its numerous attempts to obtain plan documents" and the court "emphasiz[ed] that the Hospital was unable to obtain plan documents even after good-faith efforts to do so." *Id.* The Fifth Circuit continued to caution that the holding "is not to say that plaintiffs need not exercise due diligence in pleading factual information in ERISA contexts." *Id.* at 730.

The Court is not persuaded by AIS's reliance on *Innova Hospital*. AIS does not plead that it "was unable to obtain plan documents even after good-faith efforts to do so." *See id.* at 729. Nor does AIS plead that despite exercising due diligence, it could not obtain the assignment agreements. Rather, AIS cites this case for the proposition that "ERISA plaintiffs should not be held to an excessively burdensome pleading standard." *Id.* at 728; [50] at 10. AIS, however, fails to distinguish between the burden placed on a plaintiff for a Rule 12(b)(6) motion to dismiss compared to a plaintiff's burden to survive a Rule 12(b)(1) jurisdictional challenge. There is no Rule 12(b)(1) motion at issue in *Innova Hospital*— only a Rule 12(b)(6) motion. *See Innova Hosp.*, 892 F.3d at 729. Rather than fulfil the plausibility pleading standard that is required to survive a Rule 12(b)(6) motion to dismiss, AIS must prove by a preponderance of the evidence that the Court has subject matter jurisdiction. *New Orleans & Gulf Coast Ry. Co.*, 533 F.3d at 327.

More relevant here is *Cell Science Systems Corp*. In *Cell Science Systems Corp.*, the Fifth Circuit held that "in order to survive the Rule 12(b)(1) motion to dismiss for lack of jurisdiction, [the plaintiff] was required to put forth evidence of valid and enforceable assignment of benefits from the ERISA plan participants and/or beneficiaries." 804 F. App'x at 264. There, "despite having leave to amend its complaint and to file supplemental briefs, [the plaintiff] did not submit any materials attempting to prove subject matter jurisdiction, instead focusing on its contention that it should not have to provide evidence at this stage in the pleadings." *Id.* at 265. "However, as our precedent makes clear, Rule 12(b)(1)

7

requires the district court to evaluate jurisdiction, with the burden of proof on [the plaintiff]." *Id*. The Fifth Circuit then held that "[b]ecause [the plaintiff] failed to meet its burden of proving, by a preponderance of the evidence, that it had obtained valid assignments, the . . . [defendant] is entitled to dismissal." *Id*.

Much like the *Cell Science Systems Corp*. plaintiffs, AIS does not attach any quoted language or evidence of the alleged assignment agreements. Without it, the Court cannot decide whether plaintiffs have valid assignments to confer standing to bring ERISA claims. Because the burden of proof is on AIS to prove subject matter jurisdiction by a preponderance of the evidence, and AIS provides no evidence of the alleged assignments beyond cursorily pleading their existence, the Court finds that AIS fails to meet this burden. The Court thus grants Defendants' Partial Motion to Dismiss under Rule 12(b)(1). The Court, however, grants AIS leave to amend its Amended Complaint as requested.

Because the Court grants the Partial Motion to Dismiss on a Rule 12(b)(1) jurisdictional ground, it does not reach the arguments for a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Hitt*, 561 F.2d at 608.

IV.   Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court GRANTS Defendants' Motion for Partial Judgment [45]. AIS's ERISA claims are DISMISSED without prejudice. The Court

GRANTS AIS leave to amend its Amended Complaint. AIS has 14 days from today to do so.

SO ORDERED AND ADJUDGED this the 25th day of October, 2021.

s/ <i>Kristi H. Johnson</i><br>UNITED STATES DISTRICT JUDGE