UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BOND PHARMACY d/b/a                                    PLAINTIFF
ADVANCED INFUSION SOLUTIONS

V.                          CIVIL ACTION NO. 3:21-CV-123-KHJ-MTP

ADVANCED HEALTH SYSTEMS, INC.
and BLUE CROSS & BLUE SHIELD OF
MISSISSIPPI, A MUTUAL INSURANCE COMPANY          DEFENDANTS

ORDER

Before the Court is Advanced Infusion Solutions' ("AIS") Motion to Dismiss the Counterclaim filed by Blue Cross & Blue Shield of Mississippi ("BCBS") and Advance Health Systems ("AHS") [56]. For the following reasons, the Court denies the motion.

I.      Facts and Procedural History

This action arises from a contract dispute. BCBS is an insurance company in Mississippi. Counterclaim [47] ¶ 9. AHS is a subsidiary of BCBS that maintains and operates BCBS provider networks in Mississippi. *Id.* ¶ 12. AIS is a specialty pharmacy that provides home infusion therapy, which infuses patients' pain medications into the intrathecal space surrounding their spinal cord through surgically implanted pumps. *Id.* ¶ 13. The medication in the pump lasts between a week and several months without requiring the patient to see a healthcare provider. *Id.*

AIS and AHS entered into a Preferred Home Care Provider Participating Agreement ("Agreement) in 2008 and 2015 to provide infusion therapy services to BCBS subscribers. *Id.* ¶ 14. The Agreement's terms and conditions required AIS to submit a claim form that included a charge for home infusion therapy with the corresponding AHS-defined Healthcare Common Procedure Coding System ("HCPCS") procedure codes. *Id.* ¶ 15. One of the HCPCS procedure codes in the Agreement is "HCPCS Code S9328". *Id.* ¶ 16. AHS and BCBS assert that the S9328 code provides for payment, on a per diem basis, when AIS manages a member's home infusion therapy care and performs intrathecal pain pump fill/refill or other infusion in the member's home or equivalent setting. *Id.*

BCBS and AHS claim AIS misrepresented its billing for home infusion therapy services under the S9328 code. *Id.* ¶ 17. They contend AIS merely delivered the pharmaceutical component to other providers who administered the drug and managed the patient's care. *Id.* According to BCBS and AHS, this was a special pharmacy function and did not warrant payment under the per diem S9328 code. *Id.* Then, BCBS and AHS terminated the Agreement with AIS by providing timely notice per the Agreement's terms. *Id.* ¶ 25.

AIS sued BCBS and AHS, asserting breach of contract, breach of implied duty of good faith and fair dealing, unjust enrichment, breach of implied-in-fact contract, and failure to provide benefits under ERISA plans, and seeking declaratory judgment that it is entitled to payment. Second Amend. Compl. [62] ¶¶ 88–144. This Court dismissed the ERISA claims. *See* Order [61]. BCBS and AHS

2

(collectively "Counter-Plaintiffs") answered and asserted a counterclaim against AIS, stating claims of breach of contract, misrepresentation, breach of the duty of good faith and fair dealing, and unjust enrichment, as well as seeking declaratory relief that BCBS has no contractual obligation to pay the unpaid claims. *Id.* ¶ 54. AIS now moves to dismiss the counterclaim under Federal Rule of Civil Procedure Rule 12(b)(6). [56].

II.     Standard

In reviewing a motion under Federal Rule of Civil Procedure 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (alteration omitted)). A valid claim for relief contains "sufficient factual matter, accepted as true," giving the claim "facial plausibility" and allowing "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). The plausibility standard does not ask for a probability of unlawful conduct but does require more than a "sheer possibility." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" do not satisfy a plaintiff's pleading burden. *Id.* (citing *Twombly*, 550 U.S. at 555).

III.    Analysis

AIS moves to dismiss BCBS and AHS's counter claims under Rule 12(b)(6). The Court will address each in turn.

a.  Breach of Contract Claim

In Mississippi, "[a] breach-of-contract case has two elements: (1) the existence of a valid and binding contract; and (2) a showing that the defendant has broken, or breached it." *Maness v. K & A Enters. of Miss.*, LLC, 250 So. 3d 402, 415 (Miss. 2018) (quoting *Bus. Commc'ns, Inc. v. Banks*, 90 So. 3d 1221, 1224 (Miss. 2012) (internal quotations omitted)). "A breach is material where there is 'a failure to perform a substantial part of the contract or one or more of its essential terms or conditions, or if there is such a breach as substantially defeats [the purpose of the contract].'" *Ferrara v. Walters*, 919 So. 2d 876, 886 (Miss. 2005) (citation omitted).

The parties do not dispute that there was a valid and binding contract between the two. But they disagree as to whether AIS breached it. AIS argues that BCBS and AHS identified no provision in the Agreement that requires it to personally fill/refill the pumps or provide ongoing services. *See* AIS's Memo. in Support of Mot. to Dismiss [57] at 11–12; [46] ¶ 31. In fact, AIS contends that the Agreement expressly authorizes it to use S9328 code when it provides "professional pharmacy services" in the form of specially compounded medication to BCBS's subscribers, and therefore AIS did not breach the Agreement. *Id.* at 14.

BCBS and AHS, on the other hand, allege the Agreement permitted AIS to bill a per diem rate under the S9328 code "when it performed intrathecal pain pump

fill/refills or other infusions in the [m]ember's home or equivalent setting and provided ongoing services, such as medical supervision, care coordination, nursing, patient or caregiver training, and patient support." [47] ¶ 32. AIS, according to BCBS and AHS, only compounded and shipped the pump medication to treating providers without filling/refilling the pumps or providing ongoing services, and therefore breached the Agreement. *Id.* ¶ 33. And by breaching the Agreement, AIS caused BCBS to wrongfully pay the S9328 code. *Id.* ¶ 34. Accepting these allegations as true, BCBS and AHS have plausibly stated both elements for breach of contract. Thus, the Court denies AIS's motion on this claim.

   b.  Misrepresentation Claims

Rule 9(b) requires a party to plead with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). The elements of fraud and intentional misrepresentation are identical, and therefore Rule 9(b)'s heightened pleading standard applies to the latter claim. *See Se Med. Supply v. Boyles, Moak & Brickell Ins.*, 822 So. 2d 323, 330 (Miss. Ct. App. 2002). Generally, the rule "requires, at a minimum, that a plaintiff set forth the who, what, when, where, and how of the alleged fraud." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010).

   The elements of intentional misrepresentation are:

   (1) representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of the truth; (5) his intent that it should be acted on by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.

*Hobbs Auto., Inc. v. Dorsey*, 914 So. 2d 148, 153 (Miss. 2005) (citation omitted).[1] The Fifth Circuit interprets Rule 9(b) strictly. *Flaherty & Crumrine Preferred Income Fund Inc. v. TXU Corp.*, 565 F.3d 200, 206–07 (5th Cir. 2009).

AIS argues that BCBS and AHS merely provide a "formulaic recitation of the elements." Namely, AIS contends they fail to establish the representation, materiality, and intent elements of the claim and to allege the "who, what, when, where, and how." [57] at 16. In contrast, BCBS and AHS claim they set forth factual descriptions and direct allegations constituting AIS's fraudulent scheme, such that AIS has notice. [59] at 16.

The Counterclaim alleges that each time AIS improperly billed using the S9328 code it made a representation that it had performed those services when it had not. [47] ¶ 38. The Counterclaim also describes specific representations, *see, e.g.*, *id.* ¶¶ 27–29, 37, and establishes the remaining elements with particularity, *see id.* ¶¶ 39, 40, 41, 42. Because the Counterclaim provides enough particularity to provide AIS with notice, the Court denies AIS's motion on this claim.

    c.   Breach of Good Faith and Fair Dealing

The covenant of good faith and fair dealing is implied in every contract. *Cenac v. Murray*, 609 So. 2d 1257, 1272 (Miss. 1992) (citation omitted). Good faith means "the faithfulness of an agreed purpose between two parties, a purpose which

---

[1] Negligent misrepresentation requires similar elements. *See Great Am. E&S Ins. Co. v. Quintairos, Prieto, Wood & Boyer, P.A.*, 100 So. 3d 420, 426 (Miss. 2012). Because the Court finds that BCBS and AHS have particularly pled intentional misrepresentation, it also finds they have done the same for negligent misrepresentation.

is consistent with justified expectations of the other party." *Id.* "The breach of good faith is bad faith characterized by some conduct which violates standards of decency, fairness or reasonableness." *Id.* A party, however, does not breach the covenant when "the party took only those actions which were duly authorized by the contract." *Limbert v. Miss. Univ. for Women Alumnae Ass'n*, 998 So. 2d 993, 998 (Miss. 2008).

BCBS and AHS allege they "entered into the Agreement for the purpose of contracting with AIS to provide home infusion therapy services to its members pursuant to the terms of the Agreement." *Id.* ¶ 47. And "[b]y submitting the misrepresented claims[,] AIS falsely represented to [BCBS and AHS] that it provided direct per diem infusion services," which was "inconsistent with [BCBS and AHS's] justified expectations under the Agreement." *Id.* These allegations are sufficient to plausibly state a claim for breach of good faith and fair dealing. The Court denies AIS's motion on this claim.

    d.  Unjust Enrichment

"'Unjust enrichment' is a 'modern designation for the doctrine of quasi-contracts.'" *Bradley v. Kelley Bros. v. Contractors Inc.*, 117 So. 3d 331, 338 (Miss. Ct. App. 2010) (citation omitted). The basis for the action "lies in a promise, which is implied in law, that one will pay to the person entitled thereto [that] which in equity and good conscience is his." *Id.* In other words, unjust enrichment only applies when: "[(1)] there is no legal contract and [(2)] the person sought to be charged is in possession of money or property which in good conscience and justice

he should not retain but should deliver to another." *Langham v. Behnen*, 39 So. 3d 970, 976 (Miss. Ct. App. 2010) (cleaned up). Because BCBS and AHS may plead unjust enrichment in the alternative, the Court does not dismiss this claim. *See* Fed. R. Civ. P. 8(d)(2).

e.   Declaratory Judgment

BCBS and AHS seek declaratory judgment, asking the Court to declare that BCBS has no contractual obligation to pay the alleged unpaid, mispresented claims. [47] ¶ 54. The Court has the authority to "declare the rights and other legal relations of any interested party seeking such declaration" pursuant to the Declaratory Judgment Act. 28 U.S.C. § 2201. Further, "[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate." Fed. R. Civ. P. 57. The Court therefore denies AIS's motion on this claim.

IV.   Conclusion

This Court has considered all the parties' arguments. Those the Court does not address would not have changed the outcome. For the reasons stated, the Court DENIES AIS's Motion to Dismiss Counterclaim [56].

SO ORDERED AND ADJUDGED this the 1st day of February, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE