UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BOND PHARMACY d/b/a     PLAINTIFF
ADVANCED INFUSION SOLUTIONS

V.     CIVIL ACTION NO. 3:21-CV-123-KHJ-MTP

ADVANCED HEALTH SYSTEMS, INC.
and BLUE CROSS & BLUE SHIELD OF
MISSISSIPPI, A MUTUAL INSURANCE COMPANY     DEFENDANTS

ORDER

Before the Court is Defendant Blue Cross & Blue Shield of Mississippi's ("BCBS") Partial Motion to Dismiss [69] the Employee Retirement Income Security Act of 1974 ("ERISA") claims brought by Plaintiff Bond Pharmacy d/b/a Advanced Infusion Solutions ("AIS") in its Second Amended Complaint [62]. For the following reasons, the Court denies the motion.

I.     Facts and Procedural History

AIS is a Mississippi-based pharmacy that provides home infusion therapy. [62] ¶ 1. The home infusion therapy services allow patients to receive custom medications through surgically implanted pumps that infuse the medications in the intrathecal space surrounding the spinal cord without having to see a healthcare provider to refill the pump. *Id.*

In 2008, AIS alleges that Advanced Health Systems, Inc. ("AHS") and BCBS contracted with AIS to provide its home infusion therapy to BCBS's members and to pay AIS per diem charges in accordance with National Home Infusion Association's

standards. *Id.* ¶ 2. AIS asserts that BCBS breached this contract to pay per diem charges and contends that "[BCBS] refuses to pay millions of dollars." *Id.* ¶ 4.

AIS sued AHS and BCBS and filed an Amended Complaint [38], asserting, among other claims, failure to provide benefits under ERISA plans. *Id.* at 28. BCBS moved to dismiss AIS's ERISA Claims under Rule 12(b)(1) and Rule 12(b)(6) claiming that the Amended Complaint did not allege acts sufficient to support derivative standing, and otherwise failed to plausibly plead a violation of ERISA. *See* [45]. This Court dismissed AIS's ERISA claims without prejudice, finding that AIS failed to satisfy its burden to establish subject matter jurisdiction for those claims. *See* Order [61].

AIS then filed a Second Amended Complaint, reasserting its ERISA claims. [62]. AIS included quoted language of the assignment provision contained in its "Financial Responsibility/Assignment of Benefits" forms, which each member signs. *Id.* ¶ 135. Section 2 of the form, entitled "Assignment of Benefits," states in relevant part:

> I assign and transfer to AIS Healthcare, its agents and assigns, any and all rights to receive insurance benefits otherwise payable to me for products or services provided by AIS Healthcare. I authorize my insurance company or its agents to furnish AIS Healthcare, its agents and assigns, any and all information pertaining to my insurance benefits and status of claims submitted by AIS Healthcare, its agents and assigns.

*Id.* AIS attached five examples of such forms with identifying materials redacted. *See id.* at 89–103.

2

The Second Amended Complaint also alleges that AIS informed BCBS that its members assigned their rights to AIS. *Id.* ¶ 136. AIS attached five examples of the claim forms sent to BCBS notating the assignment of benefits and a declaration from Beverly Aborne, an AIS employee, confirming the authenticity of the assignments and claim forms. *See id.* at 105–09; [73-2]. Finally, AIS claims BCBS did not provide, or otherwise make available, the plan documents between BCBS and its members. [62] ¶ 139. Thus, AIS alleges it does not have access or possession of such documents. *Id.* AIS contends that BCBS did not inform AIS of an anti-assignment provision, despite routinely communicating to AIS directly about its members' services in the ordinary course of business. *Id.* As such, AIS claims BCBS either does not have a valid anti-assignment provision in the plan documents or waived such provisions. *Id.*

BCBS now moves to dismiss AIS's ERISA claims under Rule 12(b)(1) because the Second Amended Complaint does not allege facts sufficient to support derivative standing. [69] at 1. Namely, BCBS relies on an alleged anti-assignment provision contained in all BCBS-issued plans to support its argument that AIS lacks standing to bring its ERISA claims. Def.'s Memo in Supp. of Partial Mot. to Dismiss [70] at 7. The purported anti-assignment provision states:

> All Benefits payable by Company under this Benefit Plan and any amended hereto are personal to the Member and are not assignable in whole or in part by the Member, but Company has the right to make payment to a Hospital, Physician, or other Provider (instead of to the Member) for Covered Services which they provide while 1) there is in effect between Company and any such Hospital, Physician, or other Provider an agreement calling for Company to make payment directly

3

>to them; or 2) the Member provide written direction that Benefits for Covered Services are to be paid directly to Non-Network Provider.

*Id*. BCBS also moves to dismiss under Rule 12(b)(6) because AIS failed to plausibly plead a violation of ERISA. [69] at 1.

II.     Standard

"As a matter of subject matter jurisdiction, standing under ERISA § 502(a) [29 U.S.C. § 1132] is subject to challenge through Rule 12(b)(1)." *Lee v. Verizon Comm'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016). A party who files a Rule 12(b)(1) motion may challenge the facial or factual subject matter jurisdiction of a federal court. Fed. R. Civ. P. 12(b)(1); *see Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981) (explaining the difference between facial and factual challenges to the court's subject matter jurisdiction). A facial attack requires the court to accept all allegations in the complaint as true to determine whether the court has subject matter jurisdiction, while a factual attack challenges the jurisdictional facts and allows the court to determine matters outside the pleadings. *Id*. In a factual case, "a plaintiff is also required to submit facts through some evidentiary method." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). Regardless of the type of challenge, "the party seeking to assert federal jurisdiction has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists." *New Orleans & Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the [C]ourt should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161

4

(5th Cir. 2001). When claims can be dismissed on both jurisdictional grounds and for failure to state a claim upon which relief can be granted, "the [C]ourt should dismiss only on the jurisdictional ground under [Rule] 12(b)(1), without reaching the question of failure to state a claim under [Rule] 12(b)(6)." *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

    III.   Analysis

        a.  Rule 12(b)(1) Motion

"It is well established that a healthcare provider, though not a statutorily designated ERISA beneficiary, may obtain standing to sue derivatively to enforce an ERISA plan beneficiary's claim." *Harris Methodist Fort Worth v. Sales Support Servs. Inc. Emp. Health Care Plan*, 426 F.3d 330, 333-34 (5th Cir. 2005). "[A] health care provider who has a valid assignment from the plan participant or beneficiary has derivative standing to bring a cause of action to recover benefits from an ERISA-governed [] plan." *Tango Trans. v. Healthcare Fin. Servs., LLC*, 322 F.3d 888, 889 (5th Cir. 2003). "ERISA does not supply the provider with a basis for bringing its claim directly." *Dialysis Newco, Inc. v. Comty. Health Sys. Grp. Health Plan*, 938 F.3d 246, 250 (5th Cir. 2019). "[I]nstead, the provider's standing to [sue] must be derived from the beneficiary and it is subject to any restrictions contained in the plan. If the provider lacks standing to bring the lawsuit due to a valid and enforceable anti-assignment clause, then federal courts lack jurisdiction to hear the case." *Id.*

The Fifth Circuit has held that a challenge to an assignment's validity in an ERISA case constitutes "a factual attack [to subject matter jurisdiction] because it has challenged the underlying facts supporting the complaint . . . rather than merely challenging the allegations on their face." *Cell Sci. Sys. Corp. v. La. Health Serv.*, 804 F. App'x 260, 263-64 (5th Cir. 2020). Here, BCBS is challenging the validity of AIS's assignments, and therefore, BCBS's Rule 12(b)(1) motion is a factual challenge to the Court's subject matter jurisdiction. So, there is no presumption of truth to AIS's jurisdictional allegations, and "the [C]ourt is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Evans v. Tubbe*, 657 F.2d 661, 663 (5th Cir. 1981).

AIS has the burden to prove that subject matter jurisdiction exists by a preponderance of the evidence. *Paterson v. Weinberger*, 644 F.2d 521, 523. Therefore, to survive a Rule 12(b)(1) motion to dismiss, AIS must put forth evidence of valid and enforceable assignments of benefits from the ERISA participants or beneficiaries. *Cell Sci. Sys. Corp.*, 804 F. App'x at 264.

BCBS argues that AIS lacks derivative standing to bring its ERISA claims because AIS's assignments are invalid. In particular, BCBS asserts that all BCBS-issued plans, including ERISA plans, explicitly include an anti-assignment clause. [70] at 7. In support of this argument, BCBS attached a declaration by Wendy Floyd, a BCBS employee, declaring that the anti-assignment provision is present in BCBS-issued plans, and three examples of plans containing the anti-assignment clause. *See* Floyd Decal. [69-1]; [69-2]; [69-3]; [69-4].

6

But AIS argues that its Second Amended Complaint provides evidence of the assignments. Pl.'s Memo in Supp. of Opp. to Mot. to Dismiss [73] at 7. AIS also contends that BCBS has failed to meet its burden when it asserted the anti-assignment provision as its affirmative defense. *Id.* at 9. AIS also maintains that BCBS's benefit plan examples do not show that they cover bills relating to the ERISA claims. *Id.* at 10.

The Court finds that AIS has met its burden of establishing this Court's subject matter jurisdiction by a preponderance of the evidence. The quoted language in the Second Amended Complaint grants AIS all its members' rights to recover insurance benefits allowable under the member's insurance policy for services provided by AIS. [62] ¶ 135. When reading the assignment provision according to its plain meaning and how an "average plan participant" would likely understand it, the Court finds this to mean that AIS has the right to receive payment, as well as the right to pursue and sue for unpaid claims based on the members' assignments because the provision explicitly says, "I assign and transfer to AIS Healthcare. . . any and all rights to receive insurance benefits otherwise payable to me. . ." *See Dialysis Newco*, 938 F.3d at 251. Additionally, AIS provides a declaration, confirming the authenticity of the assignment language. *See* [73-2]. And although BCBS argues that its anti-assignment provision invalidates the assignment, this argument is unpersuasive. BCBS's purported anti-assignment provision is essentially a prohibition against the right for a provider to receive payment from

7

the insurance company unless a member expressly permits it. The provision states that:

> All Benefits payable by Company under this Benefit Plan . . . are personal to the Member and are not assignable in whole or in part by the Member, but Company has the right to make payment to . . . other Provider (instead of the Member) for Covered Services which they provide while . . .2) the Member provides written direction that Benefits for Covered Services are to be paid directly to a Non-Network Provider.

[69-2] at 104–05. When reading the anti-assignment provision according to its plain meaning, the provision does not encompass a prohibition against the right to sue. As such, AIS's assignment of the right to sue is not prohibited by BCBS's anti-assignment provision. The Court therefore finds that AIS has met its burden and has derivative standing to bring its ERISA claims. Thus, the Court denies BCBS's Rule 12(b)(1) motion to dismiss.

    b.  Rule 12(b)(6) Motion

BCBS also moves to dismiss the ERISA claims under Rule 12(b)(6) for AIS's failure to plausibly plead a violation of ERISA.[1] [69] at 1. In its Second Amended Complaint, AIS seeks to recover benefits, enforce rights, and clarify rights to benefits under 29 U.S.C. § 1132(a)(1)(B). [62] ¶ 133. AIS alleges, among other things, that it obtained an assignment of health care benefits from members enrolled in ERISA plans; BCBS-issued plans permit reimbursement for medically necessary and covered services rendered by AIS; BCBS has failed to process and

---

[1] One of AIS's arguments is that BCBS cannot rely on the three example plans it attached to its motion to dismiss. The Court, however, disagrees and does not covert BCBS's Rule 12(b)(6) motion into one for summary judgment under Rule 56 because BCBS's example plans are referenced in the Second Amended Complaint and central to AIS's claim. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011).

pay the specific claims in accordance with BCBS plans; BCBS has failed to make applicable plan documents available to AIS; and AIS has exhausted its administrative remedies. *Id.* ¶ 134–41. AIS concludes that it has a right to recover benefits due to it under the applicable plans. *Id.* ¶ 141. Accepting these allegations as true, along with the facts, the Court finds that AIS has plausibly pled a violation of ERISA under 29 U.S.C. § 1132(a)(1)(B). Thus, the Court denies BCBS's motion to dismiss under Rule 12(b)(6).

IV.   Conclusion

The Court has considered all the arguments set forth by the parties. Those arguments not addressed would not have changed the outcome of the Court's decision. For these reasons, the Court DENIES Defendants' Motion for Partial Motion to Dismiss [69].

SO ORDERED AND ADJUDGED this the 7th day of February, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE